NYCL 15-309 SB
UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------X

In re:

D&G CONSTRUCTION DEAN GONZALEZ LLC

Petitioner

------------------------------------------------------------------X

Chapter 7

Case No.: 8-17-75731

## NOTICE OF MOTION BY MOVANT, SCOHN ENTERPRISES, INC, FOR RELIEF FROM THE AUTOMATIC STAY OF 11 U.S.C. §362(a) AND NOTICE OF HEARING

TO: All Creditors/Parties Filing Notice of Appearance Office of the United States Trustee

PLEASE TAKE NOTICE that, upon the affirmation of Scott A. Brody, attorney for the Movant, SCOHN ENTERPRISES, INC, dated October 13, 2017, the undersigned shall move on the 7th day of November, 2017 at 2:00 p.m. before the Honorable Alan S. Trust, United States Bankruptcy Judge, Courtroom 960, United States Bankruptcy Court, Alfonse M. D'Amato Federal Courthouse, 290 Federal Plaza, Central Islip, New York 11722, a) for an Order dismissing the within bankruptcy case on the grounds that the corporation was not represented by counsel when its was filed and that there is no evidence that the filer was an authorized Member of the LLC;  b) for an Order dismissing the within bankruptcy case on the grounds that it was not filed in good faith; (c) for an Order annulling the automatic stay that went into effect upon the  filing of the within bankruptcy case; d)  for relief from the automatic stay imposed by 11 U.S.C. §362(a) to permit the foreclosure sale of the primary asset of the estate to go forward, *nunc pro tunc*, and to the extent applicable directing the Referee to pay any surplus proceeds of the sale to the Bankruptcy Trustee; e) awarding counsel fees to Movant's counsel in an amount to be set by the court; and for such other and further

relief as is proper.

PLEASE TAKE FURTHER NOTICE, that objection, if any, to the relief sought shall be in

writing and served within eight (8) days prior to the return date, and served so as to be received on or

before November 3, 2017.

Dated:  October 23, 2017
     New York, New York

SCOTT A. BRODY

TO:     PHILIPS, ARTURA & COX
     165 So. Wellwood
     Lindenhurst, NY 11757

     OMAR WALA SR.
     3491 Howard Boulevard
     Baldwin, New York 11510

     BRIAN CORRIETTE
     190 E. Sunrise Highway
     Freeport, New York 11520

     BRIAN CORRIETTE
     3378 Hewlett Avenue
     Merrick, New York 11556

     Macco & Stern, LLP
     Richard L. Stern
     2950 Express Drive South, Suite 109
     Islandia, NY 11749

     Joseph Covello, Esq.
     Lynn, Gartner, Dunne & Covello, LLP
     330 Old County Road, Suite 103
     Mineola, NY  11501

     Arthur T. Walsh
     c/o O'Reilly Marsh
     222 Old Country Road
     Mineola, NY 11501

NYCL 15-309 SB
UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
In re:

D&G CONSTRUCTION DEAN GONZALEZ LLC

               Petitioner

-------------------------------------------------------------------X

Chapter 7
Case No.: 8-17-75731

## AFFIDAVIT IN SUPPORT OF APPLICATION TO LIFT STAY

TO:    THE HONORABLE ALAN S. TRUST
         UNITED STATES BANKRUPTCY JUDGE

       SCOTT A. BRODY, an attorney duly admitted to practice law before the Courts of the State

of New York and in the United States District Courts for the Southern and Eastern Districts of New

York affirms the truth of the following under the penalties of perjury:

       1.     I am a partner with the firm of Brody O'Connor & O'Connor, Esqs., attorneys for the

Movant-Plaintiff, SCOHN ENTERPRISES, INC (hereinafter "SCOHN"), in the Supreme Court

action for foreclosure of a commercial mortgage and in the United States District Court.

       2.     This court has jurisdiction over this proceeding pursuant to 28 U.S.C. 362 (d) and 11

U.S.C. §701, et seq.

       3.     This is a core proceeding within the meaning of 28 U.S.C. §157 (b) (2) (0).

       4.     On September 19, 2011 a voluntary Petition was filed before this Court by the Debtor,

D&G CONSTRUCTION DEAN GONZALEZ LLC, seeking an Order for Relief under Chapter 7 of

the Bankruptcy Code.  A copy of the Petition is annexed hereto as **Exhibit "A"**.

       5.     Movant is the holder of a first mortgage on property owned by the Debtor.  The

mortgage was fully due and payable more than two years ago.  Movant seeks permission from this

Court to allow it to proceed with the foreclosure and sale of the property including an auction sale which was duly held, especially given the bad faith conduct of Petitioner. Once the Court dismisses the Petition and/or annuls the bankruptcy stay, Movant will proceed with the foreclosure and sale of the premises, and the proceeds will be applied in accordance with the Judgment of Foreclosure and Sale. Any surplus monies would be paid to the Defendant, D&G CONSTRUCTION DEAN GONZALEZ LLC., or the Bankruptcy Trustee unless otherwise directed, if the case continued to pend.

6.    Included herein and in support of the within motion are the following exhibits:

a.    Voluntary Petition by Debtor, D&G CONSTRUCTION DEAN GONZALEZ LLC, seeking an Order for Relief under Chapter 7 of the Bankruptcy Code, which was filed before this Court, is annexed hereto as **Exhibit "A"**;

b.    A copy of the Judgment of Foreclosure and Sale in the Supreme Court action is annexed hereto as **Exhibit "B"**;

c.    A copy of the Notice of Sale in the underlying action is annexed hereto as **Exhibit "C"**;

d.    A copy of the Order to Show Cause and Affidavit filed by Brian Corriette is annexed hereto as **Exhibit "D"**.

e.    A copy of the transcript of the hearing before Honorable John Galasso taken on September 19, 2017 is annexed hereto as **Exhibit "E"**.

f.    A copy of the underlying mortgage note dated February 5, 2015 is annexed hereto as **Exhibit "F"**, together with a copy of the filed mortgage and related loan documents.

g.    A copy of correspondence to Referee Covello, which includes the First Mortgage Payoff, is annexed hereto as **Exhibit "G"**. On September 19, 2017, the property

proceeded to auction. The undersigned bid this amount at the foreclosure sale.

7.      Petitioner/Debtor D&G CONSTRUCTION DEAN GONZALEZ LLC had taken a second mortgage on the premises with Little Dae Enterprises, Inc. A copy of the Mortgage Note and filed Mortgage is annexed hereto as **Exhibit "H"**. A copy of the Payoff letter for the second mortgage is annexed hereto as **Exhibit "I"**. At the foreclosure sale, the second mortgage holder bid an amount which fully included the upset price and the second mortgage.

8.      Annexed hereto as **Exhibit "J"** are the signed Terms of Sale and Memorandum of Sale which show the property sold for $900,000.00 at the foreclosure sale

9.      A copy of the Summons and Complaint filed in the underlying action is annexed hereto as **Exhibit "K"**.

10.     Annexed hereto as **Exhibit "L"** are copies of the only payments made on the mortgage. These documents reflect that the Debtor was in default before the mortgage came due. Annexed hereto as **Exhibit "M"** is a copy of a tax contingency showing the outstanding taxes on the property. The Debtor has not paid the taxes since taking the mortgage.

11.     The LLC documents do not reflect that Mr. Corriette, who signed the Bankruptcy Petition, even owns an interest in the Debtor. Annexed hereto as **Exhibit "N"** is a copy of the LLC Operating Agreement given to SCOHN as lender, and which shows Omar Wala as the sole owner. The consent to enter the loan transaction was also signed by Mr. Wala. See **Exhibit "O"** annexed hereto.

## <u>D&G CONSTRUCTION DEAN GONZALEZ LLC'S ORDER TO SHOW CAUSE TO STAY THE FORECLOSURE IN THE SUPREME COURT,NASSAU COUNTY</u>

12.     On the day before the foreclosure sale, one of the Defendants in the Supreme Court action, Brian Corriette, contacted my office and advised me that on the morning of the foreclosure

sale, he was going to file an Order to Show Cause to stay the foreclosure sale. This was the first time I had ever heard from him.

13.    Mr. Corriette filed an Order To Show Cause the morning of the scheduled sale.to stay the sale. In his affidavit in support of the Order to Show Cause (**Exhibit "D"**), Brian Corriette claimed to be "the lawful owner of the property at issue". This is actually not true. Debtor borrowed money from Plaintiff to buy the house in a short sale when Mr. Corriette was the owner of the property. A copy of the loan documents is annexed to the Brody Affirmation as **Exhibit "F"**. Therefore, D&G CONSTRUCTION DEAN GONZALEZ LLC, is the lawful owner of the premises. As identified herein, Mr. Corriette is not an owner of debtor. Further according to his affidavit, Mr. Corriette claimed that he had a buyer for the house at $825,000.00, and he was seeking "an extension of time within with to exercise my ability to complete the sale of this premises..." See Corriette Affidavit in support of the Order to Show Cause included in **Exhibit "D"** annexed to the Brody Affirmation. According to Mr. Corriette, the buyer of the premises was Vargas Construction, Inc., which was purchasing the property for $825,000.00 all cash. See ¶4 of the Corriette Affidavit. However, there was no contract of sale between D&G CONSTRUCTION DEAN GONZALEZ LLC and Vargas Construction, Inc., as of the time of the filing of the Order to Show Cause. At least, there was not one attached to his moving papers. See the hearing on the Order to Show Cause annexed to the Brody Affirmation as **Exhibit "E"**.

14.    In his affidavit, Mr. Corriette claimed that he needed this extension of time because while he was engaged in renovation of the property, he was issued a stop work order. This actually happened in July of 2015. He admitted that he took a second loan to complete the construction in July of 2016, and yet, he still has not finished with the home. The Court should note that Mr. Corriette does not reside in the home, and as his own affidavit indicated, he was looking to sell the

home for an alleged profit.

15. During the hearing on the Order to Show Cause, it was made clear to the Court that the loan, which is the subject of the within proceeding was only a six month loan, and yet it remained unpaid over two years after its due date. See **Exhibit "E"** at page 4.

16.    During the past two years, no interest payments were made on the loan. See **Exhibit "L"**. In fact, Petitioner was behind on its payments before the loan became due. In addition, D&G CONSTRUCTION DEAN GONZALEZ LLC has not paid the taxes, and over $85,000.00 in taxes had accumulated, some of which back taxes were sold as tax liens. (See **Exhibit "E"** at page 4, p. 22 and the tax contingency annexed as **Exhibit "M"**). Mr. Corriette went so far as to claim that his family was looking forward to moving back into the house, but in fact acknowledged he was selling the house to another construction company. (**Exhibit "E"** at page 26). Mr. Corriette also claimed that he was getting a loan for the property, but that he could not meet the conditions that the bank needed him to meet in order to obtain the loan, because he had judgments against him that he could not clear. (**Exhibit "E"** pp. 3-4). Moreover, Mr. Corriette could not explain what income D&G CONSTRUCTION DEAN GONZALEZ LLC was going to use to support any loan application, or to pay any loan going forward. The LLC is a single asset real estate corporation, which has no income whatsoever. (See **Exhibit "E"** at p. 27).

17.    Ultimately, just as this Court would be forced to do, the Supreme Court found that there is no way that Mr. Corriette on behalf of D&G CONSTRUCTION DEAN GONZALEZ LLC could find his way out of the hole that he was in, that he had no evidence of income, he had not paid interest on the loan since 2015 and had not paid the taxes on the loan. (See **Exhibit "E"** at p. 28 *et. seq*). Faced with the denial of the Order to Show Cause, Mr. Corriette then asked the Court to give him some time, so that he could bid at the auction. (**Exhibit "E"** pp. 27-30). This was a blatant lie

to a Supreme Court Judge, as he went directly to the bankruptcy Court and filed the petition.

18.    As we left the Supreme Court courtroom, Mr. Corriette stated to me that he was calling his neighbor to come down to Court so that he could bid on the property and pay the deposit. Mr. Corriette requested again that I speak to the referee and have the case called at the end of the calendar. I advised Mr. Corriette that I would speak to the referee, and I would meet him at the front steps of the courthouse, to which he agreed. However, after speaking to the referee I went to find Mr. Corriette, but he had left the courthouse. I called him and he claimed that he left to go pick up his neighbor, but he lied about being enroute to his neighbor, and instead went to this Bankruptcy Court to file the petition.

## THE UNDERLYING FORECLOSURE ACTION

19.    The underlying mortgage note dated February 5, 2015, is annexed hereto as part of **Exhibit "F".** It provides for five interest only installments and the balance due to be paid on August 6, 2015. D&G CONSTRUCTION DEAN GONZALEZ LLC was granted the right to extend the loan two times for a period of three months each by paying an extension fee. D&G CONSTRUCTION DEAN GONZALEZ LLC never paid the extension fee, and never extended the note. No extension fees were paid, and the entire note was accelerated and due. This is not a case about missed monthly payments.

20.    The Summons and Complaint in the underlying action was filed on November 24, 2015. A copy is annexed to the Brody Affirmation as **Exhibit "K".** The Judgment of Foreclosure and Sale was entered on July 31, 2017 and served with Notice of Entry on August 10, 2017 (**Exhibit "B"**). D&G CONSTRUCTION DEAN GONZALEZ LLC never appealed the Judgment of Foreclosure and Sale, and never moved to set it aside. The Notice of Sale in the underlying action is annexed hereto as **Exhibit "C".** D&G CONSTRUCTION DEAN GONZALEZ LLC does not

dispute receiving same.  It did not file any application to set aside the Notice of Sale until the morning of sale.

21.    Based on the foregoing, it is respectfully requested that this Court dismiss the within Petition, and annul the bankruptcy stay so that the proceedings pending in the Supreme Court of the State of New York, County of Nassau, may proceed without further delay.

WHEREFORE, it is respectfully requested that this Honorable Court issue an Order dismissing the within bankruptcy case on the grounds that the corporation was not represented by counsel when its was filed and that there is no evidence that the filer was an authorized Member of the LLC;  b) for an Order dismissing the within bankruptcy case on the grounds that it was not filed in good faith; (c) for an Order annulling the automatic stay that went into effect upon the  filing of the within bankruptcy case; d)  for relief from the automatic stay imposed by 11 U.S.C. §362(a) to permit the foreclosure sale of the primary asset of the estate to go forward, *nunc pro tunc*, and to the extent applicable  directing the Referee to pay any surplus of the sale to the Bankruptcy Trustee; e) awarding counsel fees to Movant's counsel in an amount to be set by the court; and for such other and further relief as is proper.

Dated: October 13, 2017
       New York, New York


                          Yours, etc.,


                          _____
                          SCOTT A. BRODY
                          BRODY O'CONNOR & O'CONNOR, ESQS.
                          Attorneys for the Movant
                          SCOHN ENTERPRISES, INC
                          535 Eighth Avenue, Suite 1401
                          New York, New York 10018
                          (212) 233-2505

NYCL 15-309 SB
UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
In re:

Chapter 7
Case No.: Case No.:  8-17-75731

D&G CONSTRUCTION DEAN GONZALEZ LLC

Petitioner

-------------------------------------------------------------------X

## ORDER DISMISSING ACTION AND
## GRANTING RELIEF FROM THE AUTOMATIC STAY

On the Motion of SCOHN ENTERPRISES, INC, dated October 23, 2017, came before the

Court, for relief from the automatic stay with respect to the collateral known as 3778 Hewlett

Avenue, Merrick, New York 11566 (the "Collateral").  This Court, having considered the evidence

presented and the arguments of the parties, and with good cause appearing therefore, it is hereby

**ORDERED**, that the within Chapter 7 Bankruptcy proceeding is hereby dismissed, that the

automatic stay in effect pursuant to 11 U.S.C. § 362 (a), is hereby annulled, *nunc pro tunc* pursuant

to 11 U.S.A. § 362(d)(1) for all purposes as to Movant, its agents, assigns or successors in interest,

so that Movant, its agents, assigns or successors in interest, may take any and all action under

applicable state law to exercise it's remedies against the Collateral; and it is further

**ORDERED**, that in the event any proceedings are still pending in the Court that Trustee shall

be served with a copy of the referee's report of sale within **thirty (30) days** of the report, and shall be

noticed with regards to the amount of any surplus monies realized from the sale of the Collateral; and

it is further

**ORDERED,** that all other relief sought in the Motion is denied

_____
ALAN S. TRUST
UNITED STATES BANKRUPTCY JUDGE