# EXHIBIT

# "G"

# BRODY, O'CONNOR & O'CONNOR, ESQS.
## ATTORNEYS AT LAW
### 535 EIGHTH AVENUE, SUITE 1401
### NEW YORK, NEW YORK 10018

SCOTT A. BRODY_
THOMAS M. O'CONNOR
PATRICIA A. O'CONNOR
AISHA K. BROSNAN
JONATHAN F. BANKS
————————
TANYA M. DeMAIO
MAGDALENE SKOUNTZOS.
EVA LEONE KENNEDY♦
TILLIE MIRMAN

_Also Admitted to Florida Bar
_Also Admitted to Connecticut Bar

(212) 233-2505
FAX (212) 233-2506

SUFFOLK OFFICE:
————
7 Bayview Avenue
Northport, New York 11768
(631) 261-7778
(631) 261-6411
OF COUNSEL
CRAIG J. TORTORA
ROBERT C. POLIZZO, JR.

September 15, 2017

**Via E-mail:** jcovello@lgdcllp.com
Joseph Covello, Esq.
330 Old Country Road, Suite 103
Mineola, New York 11501

Re:    **SCohn Enterprises, Inc. v. D&G Construction Dean Gonzalez, LLC et al.**
       Index No.: 010209/2015
       <u>Our File No.: NYCL 15-309 SB</u>

Dear Mr. Covello:

Enclosed please find the Terms of Sale, Memorandum of Sale and minimum bid information in regards to the public auction that will take place on September 19, 2017 on the above-referenced matter. Please confirm receipt of same.

Should you have any questions, please feel free to contact the undersigned.

Very truly yours,

BRODY, O'CONNOR & O'CONNOR, ESQS

Scott A. Brody

Scott A. Brody

SAB/at
Enclosure

cc.    **Via E-mail:** kthomas@lgdcllp.com
       Karen Thomas
       Legal Assistant
       Lynn, Gartner, Dunne & Covello, LLP
       330 Old County Road, Suite 103
       Mineola, NY  11501

**BRODY, O'CONNOR & O'CONNOR, ESQS.**
ATTORNEYS AT LAW
535 EIGHTH AVENUE, SUITE 1401
NEW YORK, NEW YORK 10018

<u>Via E-mail:</u> jcovello@lgdcllp.com
Joseph Covello, Esq.
330 Old Country Road, Suite 103
Mineola, New York 11501

September 15, 2017

## PAYOFF STATEMENT

Re:    Mortgagor: D & G Construction Dean Gonzalez LLC
Mortgagee: Scohn Enterprises Inc.
Mortgaged Premises: 3778 Hewlett Avenue, Merrick, NY

Dear Referee Covello:

The following represents a payoff statement in connection with the above premises.  The payoff figures below constitute the bid of Plaintiff and I request you start the auction with this bid.

| | |
|---|---|
| Judgment Amount | $585,307.76 |
| Interest from    May 1, 2017 | $ 28,200.00 |
| $200.00 per diem | |
| Publication Fees | $    590.24 |
| Taxes due to date | $84,578.64 |
| Referee Fee | $    250.00 |
| **TOTAL DUE** | **$698,926.64** |

THEREFORE, Plaintiff bids **$698,926.64.**  Please confirm your receipt hereof.

Very truly yours,

By:  Scott A. Brody, Esq.

SCOHN ENTERPRISES, INC.

v.

D&G CONSTRUCTION DEAN GONZALEZ LLC,
OMAR WALA SR. and BRIAN CORRIETTE,
Index No.: 010209/15
Premises: 3778 Hewlett Avenue, Merrick, NY 11566

---

TERMS OF SALE

The premises described in the annexed advertisement of sale will be sold in accordance with the Judgment of Foreclosure and Sale and upon the following terms:

1.      Ten percent (10%) of the purchase money of said premises will be required to be paid in cash or certified check to the said Referee at the time and place of sale, for which the Referee's receipt will be given.

2.      The residue of said purchase money will be required to be paid in cash or certified check to the Referee at the office, of the Referee **JOSEPH COVELLO**, located at 330 Old Country Road, Suite 103, Mineola, New York 11501, not later thirty (30) days from the date hereof or the next business day thereafter, at 2:00 pm, when the said Referee's Deed will be ready for delivery, time being of the essence, as to the purchaser only.

3.      The referee shall conduct the foreclosure sale only if plaintiff, its successors and/or assigns, or its representative is present at the sale or the referee has received a written bid and Terms of Sale from plaintiff, its successors and/or assigns, or its representative.

4.      The Referee is not required to send any notice to the purchaser; and if purchaser neglects to call at the time and place above specified to receive his deed, he will be deemed to be in default under these Terms of Sale and shall pay Plaintiff its successors and/or its assigns interest thereafter on the whole amount of his purchase at the judgment rate, or nine percent (9%) per annum to the ultimate date of delivery of the Referee's Deed, plus any additional costs and fees, including attorney fees.

5.      The Referee shall be required, to pay all unpaid taxes, assessments, or water rates which, at the time of sale, are liens upon the premises. In a city of 300,000 or more, or any city having a population between one hundred fifty thousand and one hundred seventy-five thousand, the Referee shall pay out of the proceeds any liens or encumbrances placed by a city agency which, at the time of sale have priority over the foreclosed mortgage. The aforesaid terms of this paragraph 5 do not apply if the Plaintiff shall, previous to the delivery of the deed, produce to the Referee proof of the payment thereof. In the event that the plaintiff shall have advanced monies for taxes, assessments, water charges, sewer rents or hazard insurance covering a period which is later in time than the foreclosure sale date, Purchaser herein agrees to reimburse plaintiff for such advances.

6.      The purchaser of said premises will, at the time and place of sale sign a memorandum of

his purchase, and an agreement to comply with the terms and conditions of sale herein contained.

7.    The bidding will be kept open after the property is struck down; and in case any purchaser shall fail to comply with any of the above conditions of sale the referee reserves the right to sell the premises to the second highest bidder or, the premises so struck down to him will be again put up for sale under the direction of said Referee under these same terms of sale, without application to the Court, unless Plaintiffs attorney shall elect to make such application. Upon default, all sums paid on account of the purchaser's bid at the first sale will be forfeited and paid over by the Referee to the Plaintiff as liquidated damages. Upon resale, the original purchaser will be held liable for any deficiency there may be between the successful bid at the first sale and the bid at the resale, with interest on the original bid at 9% per annum from the date of the first sale to the date of the ultimate delivery of the referee's deed.

8.    The premises are being sold in "as is" condition as of the date of closing and sold subject to:

(a) Any state of facts an accurate survey may show including but not limited to reapportionment of tax lots and/or changes to the section, block and lot and/or variations between the legal description and the tax map designation;

(b) Any building and zoning regulations, restrictions, ordinances and any amendments thereto;

(c) Any rights of the public and others in and to any part of the mortgaged premises that lies within the bounds of any street, alley, or highway; restrictions and easements of record;

(d) Any covenants, reservations and easements of record;

(e) Any municipal departmental violations and/or notices of violations issued by same, including but not limited to code violations and reapportionment of lot lines;

(f) Any orders or requirements issued by any governmental entity having jurisdiction against or affecting said Premises and violations of same, including but not limited to any type of Notice of Pendency filed by same;

(g) Any tenants or occupants in possession;

(h) Any hazardous materials in the premises including, but not limited to, flammable explosives, radioactive materials, hazardous wastes, asbestos or any material containing asbestos, and toxic substances;

(i) Any prior liens, encumbrances, and/or prior mortgages, its successors and/or assigns if any;

(j)   The right of redemption of the United States of America;

(k)   Any rights pursuant to CPLR sections 317, 2003 and 5015 or any appeal of the underlying action;

(l)   And any such other provisions as may be set forth in the Complaint and Judgment filed in this action.

The foregoing will not constitute a valid exception to clear title or a valid reason to adjourn the closing date.

9.      The successful bid shall be subject to any arrangements made prior to the sale between the plaintiff and the defendant borrower(s) for the reinstatement, payoff, modification or workout of the delinquent note and mortgage which are at this time unknown to the Referee. In such event, the sale shall be deemed null and void and any deposit promptly refunded to the high bidder, without recourse against the Referee, the plaintiff, the plaintiff's attorneys, agents and/or assigns or the defendant borrower(s).

10.     Plaintiff makes no representation or warranties with respect to the marketability or insurability of the title to the premises being sold. In the event that the Referee is unable to convey title subject as set forth herein and/or in the Judgment of Foreclosure and Sale, or the Referee's Deed is found to be defective subsequent to the delivery of the deed, purchaser's remedy shall be limited to the return of those sums actually paid on account of the purchase price, and neither the Referee nor the Plaintiff nor Plaintiff's attorneys herein shall be liable to the purchaser for any consequential or other damages whatsoever, or for any monies advanced for any purpose whatsoever by purchaser. If purchaser is obtaining title insurance, then a copy of the title report must be received by plaintiff's attorney's office no later than fourteen (14) days prior to the closing date as noted in paragraph 2.

11.     That all expenses of closing, including but not limited to Plaintiff's closing costs, attorneys' fees in the amount of $550.00; closing travel expenses; costs of recording the Referee's Deed, including, Real Property Transfer Tax, and Transfer Stamps, if any, shall be borne by the purchaser. In the event the purchaser chooses to obtain a survey he/she does so at his/her sole expense and same shall not be a justification for not closing within the time period provided in paragraph 2 above.

12.     If there is a conflict between these Terms of Sale and the Judgment of Foreclosure and Sale, the provisions of the Judgment of Foreclosure and Sale shall control.

Dated:  September 15, 2017

_____
Scott A. Brody, Esq.
Counsel for Purchaser

HON. Julianne T. Capetola

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NASSAU
----------------------------------------------------------------------X
SCOHN ENTERPRISES, INC.

                                    Plaintiff,

                        -against-

D&G CONSTRUCTION DEAN GONZALEZ LLC,
OMAR WALA SR. and BRIAN CORRIETTE,

                                    Defendants.
----------------------------------------------------------------------X

Index No.: 010209/15

**Memorandum of Sale**

Foreclosure of:
3778 Hewlett Avenue
Merrick, New York 11566

_____ residing at _____ and
with the contact telephone number of _____ and e-mail address of
_____ , has purchased the premises described in the annexed notice of sale
pursuant to the terms of a Judgment of Foreclosure and Sale of this Court dated July 31, 2017 for
the sum of $ _____, and promises and agrees to comply with the terms of
sale dated September 15, 2017 and the Judgment entered herein.

Dated:_____          Purchaser:

                                    _____

Received from _____ as Purchaser the sum of $_____ being
ten percent (10%) of the amount bid by purchaser for property sold by the undersigned as
described hereinabove.

                                    _____
                                    Joseph Covello, Referee

NYCL 15-309 SB
SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NASSAU
--------------------------------------------------------------X

SCOHN ENTERPRISES, INC.

                Plaintiff

        -against-

D&G CONSTRUCTION DEAN GONZALEZ LLC,
OMAR WALA SR. and BRIAN CORRIETTE,

                Defendants.
--------------------------------------------------------------X

Index No.: 010209/15

NOTICE OF
FORECLOUSRE
AND SALE

     In furtherance of and by virtue of a Judgment of Foreclosure and Sale duly granted by this Court and entered in the Supreme Court, Nassau County Clerk's Office on or about the 31st day of July, 2017, I, the undersigned Referee, duly appointed in this action for such purpose, will expose for sale and sell at Public Auction to the highest bidder at 100 Supreme Ct Dr, CCP Courtroom, Mineola, New York 11501 on the 19th day of September, 2017, at approximately 11:30 a.m. o'clock in the forenoon of that day, the mortgaged premises directed in and by said judgment to be sold and in said judgment described in the attached Exhibit "A":

                                      Referee: Joseph Covello, Esq.

Scott A. Brody, Esq.
BRODY, O'CONNOR, & O'CONNOR, ESQS
Attorney(s) for Plaintiff, SCOHN ENTERPRISES, INC.
810 7th Avenue, Suite 2700
New York, New York 10019
(212) 233-2505

Location of Property to be Foreclosed:

3778 Hewlett Avenue in Merrick, New York 11566



www.liherald.com

# Affidavit of Publication

State Of New York,
Nassau County

*Cronus Slater* _____ being duly
sworn, deposes and says that he/she is the principal clerk of
Richner Communications, Inc., publishers of the

**Merrick Herald Life**
A weekly newspaper published and mailed at

**Merrick**
New York and the attached notice of
**Scohn Enterprises vs D&G Constructions**

was published in the issue(s) of that paper as follows:
**8/17, 8/24, 8/31, 9/7/17**

*James Slater* _____

Subscribed and sworn to before me this 7 Sept, 2017.

*Hollis Farberman*
Notary Public

**HOLLIS FARBERMAN**
Notary Public, State of New York
No. 01FA6045890
Qualified in Nassau County
Commission Expires July 31, 2018

LEGAL NOTICE
NOTICE OF SALE
Supreme Court County of Nassau Scohn Enterprises AGAINST D&G Construction, Dean Gonzalez, LLC, Omar Wala Sc. and Brian Corriette, PLEASE TAKE NOTICE THAT in furtherance of a Judgment of Foreclosure and Sale duly dated July 31, 2017 and entered in the office of the County Clerk of Nassau County on or about July 31, 2017, I the undersigned Referee named in said Judgment, will sell one parcel at public auction on September 19, 2017 at the Calendar Control Part (CCP) Courtroom of the Supreme Court, 100 Supreme Court Drive, Mineola, County of Nassau, State of New York at 11:30 a.m., the premises described as follows: 3778 Hewlett Avenue in Merrick, New York 11566 THAT TRACT OR PARCEL OF LAND situate in the Town of Hempstead, County of Nassau, State of New York The premises are sold subject to the provisions of the filed judgment, Index No. 010209/15, any state of facts an accurate survey and inspection of the premises may disclose, to covenants, restrictions and easement, if any, to assessments or water charges not lien upon the property, to violations, zoning regulations, prior liens of records, if any, and ordinances of the city, town or village in which said premises lie, to leases, tenancies and occupancies, and to other charges and liens with priority over Plaintiff's mortgage. Joseph Covello, Esq., Referee Approximate lien amount shall include Judgment Amount of $585,307.76, taxes in the approximate amount of $77,000.00, plus interest and costs. Scott A. Brody, Esq, Brody, O'Connor & O'Connor, Esqs. Attorneys for Plaintiff, Scohn Enterprises 810 7th Avenue, Suite 2700, New York, New York 10019. Tel: (212) 233-2505
84462

---

BALDWIN HERALD • BELLMORE HERALD LIFE • EAST MEADOW HERALD • FRANKLIN SQUARE/ELMONT HERALD • FREEPORT HERALD LEADER • GLEN COVE HERALD GAZETTE
LONG BEACH HERALD • LYNBROOK/EAST ROCKAWAY HERALD • MALVERNE/WEST HEMPSTEAD HERALD • MERRICK HERALD LIFE • NASSAU HERALD
OCEANSIDE/ISLAND PARK HERALD • OYSTER BAY GUARDIAN • ROCKAWAY JOURNAL • SEA CLIFF/GLEN HEAD HERALD GAZETTE • ROCKVILLE CENTRE HERALD
SEAFORD HERALD CITIZEN • SOUTH SHORE RECORD • VALLEY STREAM HERALD • WANTAGH HERALD CITIZEN

2 Endo Boulevard • Garden City, NY 11530 • Voice: 516-569-4000 • Fax: 516-569-4631